IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARA MELISSA SANCHEZ JUAN,
as PERSONAL REPRESENTATIVE OF THE
ESTATE OF REINA LEE SANCHEZ JUAN,

                     Plaintiffs,           Case 6:21-cv-00502-RBD-EJK

v.

ABBOTT LABORATORIES, INC.,
MEAD JOHNSON & COMPANY, LLC, MEAD
JOHNSON NUTRITION COMPANY,

                     Defendants.

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. See Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" See Local Rule 3.02(a)(1).

The parties conducted the planning conference on July 21, 2021.  John Romano, on behalf of Plaintiff, Bryce Cooper, Nicole Atkinson, and Nathan Hill, on behalf of Abbott Laboratories, Inc., and Anthony Anscombe, Cara Lawson, and Samuel Felker, on behalf of Mead Johnson & Company, LLC and Mead Johnson Nutrition Company, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

**Action or Event Date**

|  | **Plaintiff's Proposal** | **Defendant's Proposal** |
|---|---|---|
| Deadline for providing mandatory initial disclosures. See Fed. R. Civ. P. 26(a)(1). | **August 31, 2021** | **August 9, 2021** |

| | | |
|---|---|---|
| Deadline for moving to join a party, see Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, see Fed. R. Civ. P. 15(a). | **January 31, 2022** | **January 11, 2022** |
| Plaintiff's deadline for disclosing any expert report. See Fed. R. Civ. P. 26(a)(2). | **September 30, 2022** | **February 11, 2022** |
| Defendant's deadline for disclosing any expert report. | **November 30, 2022** | **March 11, 2022** |
| Deadline for disclosing any rebuttal expert report. | **December 30, 2022** | **April 8, 2022** |
| Deadline for completing discovery and filing any motion to compel discovery. See Fed. R. Civ. P. 37; Middle District Discovery (2021). | **February 28, 2023** | **May 6, 2022** |
| Deadline for moving for class certification, if applicable. See Fed. R. Civ. P. 23(c). | **N/A** | **N/A** |
| Deadline for filing any dispositive and Daubert motion. See Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | **March 31, 2023** | **June 1, 2022** |
| Deadline for participating in mediation. See Local Rules, ch. 4. Mediator TBD during discussions at "Planning Conference" | **May 31, 2023** | **September 17, 2022** |
| Date of the final pretrial meeting. See Local Rule 3.06(a). | **June 30, 2023** | **October 4, 2022** |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. See Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | **July 31, 2023** | **October 18, 2022** |
| Date of the final pretrial conference. See Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | **July 31, 2023** | **October 25, 2022** |
| Month and year of the trial term. | **August 2023** | **November 2022** |

The trial will last approximately [Plaintiff's proposal] 15 trial days; [Defendant's proposal] 10 trial days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

This is a product liability case filed pursuant to the Florida Wrongful Death Act. The case is pending in U.S. District Court as there is diversity of citizenship.

Plaintiff's position is that infant Reina Lee Sanchez Juan died after contracting NEC (Necrotizing Enterocolitis) which was caused when the Defendants' cow-milked based infant formula were introduced to her system. The NEC resulted in rapid destruction of the infant's intestine and this led to her death. Plaintiffs further claim the products manufactured by the Defendants were defective and dangerous and that there is a legal responsibility on the part of the defendant's under theories of strict liability, negligence and failure to warn. The Defendants' take the position that their product is safe and appropriate and that it had nothing to do with the resultant Necrotizing Enterocolitis. Defendants deny underlying wrongdoing and liability.

The Defendants deny all allegations, underlying wrongdoing, and liability. Defendants' position is that there is no scientific basis to allege that cow's milk-based infant formula is defective or causes NEC, a naturally-occurring complication of prematurity, including in infants who are only fed breast milk. Defendants further claim that Plaintiff's claims are subject to dismissal on the basis of threshold legal issues, including the learned intermediary doctrine and federal preemption.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can

decide not to consent and continue before the district judge without adverse consequences. See Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms." [Plaintiffs consent]

☒ The parties do not consent. [Defendants do not consent]

7.  **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss _____.

8.  **Discovery Practice**

    The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. See Local Rule 3.01(g); Middle District Discovery (2021) at § I.A.2.

9.  **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.

    ☐ No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:

    1. All aspects of liability pursuant to the allegations of each of plaintiffs' causes of action.
    2. Losses and Damages
    3. Defendants' Affirmative Defenses

        4.   Expert Witness Discovery

C.    Discovery should be conducted in phases:

☒ No.

☐ Yes.

D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.

☐ Yes.

E.    ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes

Plaintiff's position: Plaintiff will need to take 20 depositions. These include fact witnesses, medical witnesses, 30(b)(6) depositions and other Defendants' corporate employees or representatives, party depositions and expert witness depositions.

Defendants' position: The 10-deposition per party limitation provided by Federal Rule of Civil Procedure 30 is appropriate in this single-plaintiff product liability case. Rule 30 would permit up to 30 depositions in this case (10 for Plaintiff, 10 for Abbott, 10 for Mead Johnson), which should be sufficient for discovery of all pertinent facts.

**10.**    **Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling.

**11.**    **Certification of familiarity with the Local Rules**
☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12.    Signatures**

*/s/ John F. Romano*
John F. Romano
Caroline H. Zapiec
Eric Romano
Jessica Latour
Romano Law Group
P.O. Box 21349
West Palm Beach, FL 33409
Tele: (561) 533-6700
Fax: (561) 533-1285
john@romanolawgroup.com
caroline@romanolawgroup.com
eric@romanolawgroup.com
jessica@romanolawgroup.com
Email (service of pleadings only):
          service@romanolawgroup.com

*Attorneys for Plaintiff*

*/s/ Nicole Atkinson*
Nicole Atkinson, Esq. (FL Bar No. 167150)
Nathan Hill, Esq. (FL Bar No. 91473)
Gunster, Yoakley & Stewart, P.A.
200 S. Orange Ave., Suite 1400
Orlando, FL 32801
(407) 648-5077
(407) 849-1233 (fax)
Email: natkinson@gunster.com
Email: nhill@gunster.com

Stephen V. D'Amore (*pro hac vice*)
Scott P. Glauberman (*pro hac vice*)
Bryce A. Cooper (*pro hac vice*)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)
Email: sdamore@winston.com
Email: sglauberman@winston.com
Email: bcooper@winston.com

*Attorneys for Abbott Laboratories, Inc.*

*/s/ Michael P. Kaney*
Michael P. Kaney, Esq.
Florida Bar No.: 1011010
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
200 South Orange Avenue, Suite 2900
Orlando, Florida 32801
Tel: (407) 422-6600
Fax: (407) 841-0325
mkaney@bakerdonelson.com
achentnik@bakerdonelson.com
fedcts@bakerdonelson.com

Samuel Lanier Felker
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
100 S.E. Third Avenue
Regions Center, Suite 1620
Fort Lauderdale, FL 33394
(954) 768-1600
samfelker@bakerdonelson.com

Darlene Kay Alt
Cara A. Lawson
STEPTOE & JOHNSON LLP
227 West Monroe Ave., Suite 4700
Chicago, IL 60606
(312) 577-1300
dalt@steptoe.com
clawson@steptoe.com
(*Pro Hac Vice* forthcoming)

*Attorneys for Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company*

6